UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | Criminal No. 3:16CR111 (JBA) |
|---|---|
| v. | |
| CEWELL SHARPE | April 8, 2019 |

### RULING ON GOVERNMENT'S MOTIONS FOR RECONSIDERATION AND DEFENDANT'S MOTION TO DISMISS

The Government moves for reconsideration [Docs. # 528, 540] of the Court's order [Doc. # 527] granting Defendant's Motion to Dismiss Counts One and Five of the indictment in the absence of opposition [Doc. # 361]. For the reasons that follow, the Government's motions are granted, the order granting dismissal is vacated, and the Defendant's motion to dismiss is denied.

**I.   Background**

On June 3, 2018, the Defendant moved to dismiss Counts One and Five of the indictment, arguing that the Government acted in bad faith when it entered into a plea agreement with him in a separate case (3:16cr52 (JCH)) while "preparing to indict the defendant in separate narcotics conspiracy offenses," i.e. the charges of the indictment in this case. (Defs.' Mot. to Dismiss [Doc. # 361] at 1.) Pursuant to the Court's Scheduling Order [Doc. # 369], the Government's response to that motion was due by October 12, 2018. The Court granted [Doc. # 458] the Government's motion to extend that deadline to November 9, 2018, but the Government filed no response to Defendant's motion by that extended deadline.

The Court then contacted the Government, who represented that a response was forthcoming and would be filed by March 29, 2019. When no such response had been filed by close

of business on that day, the Court granted Defendant's motion to dismiss, absent objection [Doc. # 527].

The Government then moved for reconsideration of that ruling, apologizing "to the Court, counsel and the defendant for failing to file its response" in a timely fashion, and attaching the Government's proposed opposition. (Mot. for Reconsid. [Doc. # 528] at 1.) The Government followed up with a second Motion for Reconsideration in order to assert proper legal grounds for its request for reconsideration. (Supp. Mot. for Reconsid. [Doc. # 540].) Defendant objects. (Def.'s Obj. to Mot. for Reconsid. [Doc. # 531].)

## II. Motions to Reconsider

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. V. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation omitted). The Government argues that to dismiss two counts of the indictment based on "the Government's failure to file a timely response," rather than on "the merits of the defendant's arguments" would amount to "manifest injustice" such that reconsideration of the Court's prior ruling is appropriate. (Supp. Mot. for Reconsid. at 2.)

Because the Court agrees that "its decision to grant or deny the defendant's motion to dismiss should be based on the substance and merit of the issues raised by the defendant in his motion," (*id.*), the Government's Motions for Reconsideration are granted. The Court's prior ruling on Defendant's Motion to Dismiss is vacated, and the merits of the Defendant's motion will now be considered.

## III. Motion to Dismiss

Defendant moves for dismissal of Count One, conspiracy to possess with intent to distribute heroin from approximately June 2015 through approximately November 2015, and Count Five, possession with intent to distribute cocaine on or about June 26, 2015, of the indictment in this case. (Defs.' Mem. Supp. Mot. to Dismiss [Doc. # 361-1] at 1.) He argues that, in light of his entry into a plea agreement and subsequent conviction by guilty plea before Judge Hall of possession with intent to distribute heroin on March 15, 2016, "the successive prosecution of the charged conduct amounts to a direct and unjustified penalty for criminal activity that he previously admitted and has been sentenced for." (*Id.* at 2.)

Defendant contends that the Government acted in bad faith when it offered a plea agreement in March 2016 to resolve the matter before Judge Hall, "knowing all the while that the other shoe was about to drop," i.e. that Defendant would eventually be indicted in this case as well. (*Id.* at 3.) He argues that his plea agreement, because it was a contract between himself and the Government, included "an implied obligation of good faith and fair dealing," which the Government violated by withholding information about additional forthcoming charges during the plea negotiations. (*Id.* at 4.) Defendant "submits that he was hoodwinked into pleading guilty and would never have done so if the government had acted in good faith by sharing their prosecutorial plans with him." (*Id.*)

The parties debated the merits of the motion to dismiss during the Pretrial Conference on April 2, 2019. At that time, defense counsel conceded that the Defendant's arguments do not properly apply to Count Five of the indictment but persisted in arguing that Count One should be dismissed because of the government's alleged bad faith. Defense counsel also argued that continued prosecution of Count One is improper because the conduct underlying the 2016 conviction occurred on November 19, 2015, (*see* Information, *United States v. Sharpe*, 3:16cr52

3

(JCH), Doc. No. 17 (D. Conn. March 11, 2016)), which falls within the window of the alleged conspiracy in this case, approximately June to November 2015.

The Government responds that no conduct to which Defendant has previously pleaded guilty is "encompassed by counts one and/or five of the" indictment in this case. (Gov.'s Resp. to Def.'s Mot. to Dismiss [Doc. # 528-1] at 3.) It argues that the "controlled purchases of narcotics in November and December of 2015 from Sharpe" which resulted in his conviction before Judge Hall "were part of a separate investigation." (*Id.*) The Government makes clear that the "conduct that served as the basis of the information in the controlled purchase case is separate from the conduct that serves as the basis of the superseding indictment in the instant case," explaining that the charges pending this case "arise from other evidence, including (1) calls intercepted over [co-defendant] Blake's cellular telephone (Target Telephone 1); (2) co-conspirator and cooperating witness testimony; and, (3) physical surveillance and seizures of evidence." (*Id.*)

Moreover, at the Pretrial Conference, the Government represented to the Court that the charges of Counts One and Five of this indictment were not contemplated until well after the Government entered its plea agreement with Mr. Sharpe in 2016. Mr. Sharpe was not charged in the initial indictment in this case until "[i]nformation provided by cooperating witnesses led to" additional investigations, which prompted Mr. Sharpe's addition to the charges of Counts One and Five in the superseding indictment. (*Id.* at 2.)

In entering a plea agreement with Mr. Sharpe, the Government was not obligated to inform him of any separate investigation which stemmed from conduct different from that which underlies that plea agreement. That agreement required Mr. Sharpe to acknowledge that "no other promises, agreements, or conditions have been entered into other than those set forth in" that agreement. (Plea Agreement, *United States v. Sharpe*, 3:16cr52 (JCH), Doc. No. 23 (D. Conn.

4

March 11, 2016)). Nowhere in that agreement did the Government promise or otherwise indicate that the agreement precluded, applied to, or otherwise impacted any unrelated, uncharged conduct for which Mr. Sharpe might later be indicted.

In the absence of any evidence suggesting that the Government acted in bad faith, and because the conduct to which Mr. Sharpe pled in 2016 is not the same conduct as that which underlies Counts One and Five of the indictment in this case, Defendant's Motion to Dismiss [Doc. # 361] is denied.

**IV.  Conclusion**

For the reasons set forth above, the Court GRANTS the Government's Motions for Reconsideration [Docs. # 528, 540], VACATES its prior ruling [Doc. # 527], and DENIES Defendant's Motion to Dismiss [Doc. # 361].

                                    IT IS SO ORDERED.

                                    /s/_____
                                    Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 8th day of April 2019.